UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Keith Melillo,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Margaret Mee Melillo, a/k/a Margaret Cunniff; Keith Voegel, Rice County Sheriff's Office #1133; Faribault Sheriff; Faribault MN DME; and Rice County Sheriff's Office,<br><br>　　　　　Defendants. | Case No. 20-cv-1777 (PJS/DTS)<br><br>**ORDER &**<br>**REPORT AND RECOMMENDATION** |

Plaintiff Keith Melillo did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. *See* Dkt. No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Melillo qualifies financially for IFP status. That said, an IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency

of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

This litigation arises out of domestic disputes between Melillo and his former spouse, Defendant Margaret Mee Melillo, *née* Margaret Cunniff (for ease of reference, this Court will from this point refer to the plaintiff as "Melillo" and the defendant as "Cunniff"). Melillo alleges that on several occasions during (and perhaps after) their marriage, he was physically assaulted by Cunniff, including during incidents severe enough that he afterwards needed medical attention. *See* Compl. at 5, Dkt. No. 1; Compl. Addendum at 1–2, Dkt. No. 1-3.

The allegations against the other defendants are less clearly sketched out. There appears to be three separate series of events at issue regarding those defendants, each related to the events described above involving Cunniff:

First, Melillo alleges that Cunniff informed him that Defendant Keith Voegel, an officer of the Rice County Sheriff's Department, "told her to set [Mellillo] up . . . ." Compl. Addendum at 1. Melillo also faults Voegel for Cunniff not being charged with criminal offenses. *Id.* Second, Melillo mentions (in very cursory terms) that the "Faribault Sheriff," acting "with the help of [Cunniff]," was involved in a "strong arm robbery" in which his wallet was taken. *Id.* at 2. Third, Melillo alludes to—but does not actually provide details

2

about—fraud committed by the Minnesota Department of Motor Vehicles ("DMV").[1] *See* Compl. at 4. This Court will examine Melillo's claims in (roughly) reverse order.

Regarding the claim brought against the Minnesota DMV: Melillo's claim appears to be founded in fraud. *See id.* ("fraud on my car"). Rule 9(b) of the Federal Rules of Civil Procedure requires a party to "state with particularity the circumstances constituting fraud or mistake." Melillo falls well short of that standard; indeed, there is no detail whatsoever provided in the complaint or attachment to the complaint regarding what this fraud might entail. Moreover, any claims of fraud brought by Melillo in this action would be founded in state law, not federal law. As explained more fully below, the Court lacks original jurisdiction over state-law claims brought by Melillo and should decline to exercise supplemental jurisdiction over those claims.

Regarding the claim brought regarding the robbery: To the extent that Melillo seeks relief under 42 U.S.C. § 1983 for the events at issue, his allegations fall short. As an initial matter, the Rice County Sheriff's Office is not a defendant amenable to suit; Melillo may sue persons employed by the Sheriff's Office or the governmental entity that governs the Sheriff's Office, but not the Office itself. *See De La Garza v. Kandiyohi County Jail,* 18 Fed. App'x 436, 437 (8th Cir. 2001) (per curiam) (sheriff's departments are not legal entities amenable to suit). The "Faribault Sheriff," by contrast, may be sued under § 1983 for violations of constitutional rights. Even here, however, it is not clear (1) to whom Melillo is referring,[2] or (2) what, specifically, is being alleged to have occurred. Rule 8(a)(2) of

---

[1] Melillo captions this defendant as the "Faribault MN DME," but later in the complaint he clarifies that it is the Minnesota DMV against which he is bringing claims. *See* Compl. at 4.

[2] Melillo names the Rice County Sheriff's Department and the "Faribault Sheriff" as defendants. In accusing the "Faribault Sheriff" of robbery, it is not clear whether Melillo is referring to (1) the actual sheriff of Rice County (Faribault, Minnesota is located in Rice

the Federal Rules of Civil Procedure requires a pleading to contain only a short and plain statement of the claim being raised, but the one-sentence allegation that Melillo was robbed by the sheriff is not sufficient to state a plausible claim under § 1983.

The claim brought against officer Voegel is more apprehensible; Melillo alleges that Cunniff told him that Voegel had told her to frame him for criminal offenses. *See* Compl. Addendum at 1. An arrest made wholly without probable cause may sustain a claim brought under § 1983, *see, e.g.*, *Ackerson v. City of White Plains*, 702 F.3d 15, 19–22 (2d Cir. 2012), but the complaint does not allege that Melillo actually suffered any adverse consequences (such as arrest, detention, or criminal charges) from the alleged scheming between Cunniff and Voegel.[3] Melillo also alleges that Voegel acted unlawfully by failing to prosecute Cunniff, but he lacks standing to bring this claim. *See Gould v. Faver*, 172 F. App'x 689, 690 (8th Cir. 2006) (per curiam) (citing *Johnson v. City of Evanston*, 250 F.3d 560, 563 (7th Cir. 2001)).

The allegations brought against Cunniff are the most detailed and the most substantial. Even if each of the allegations is accepted as true, however, nothing in the complaint suggests that Melillo has a claim for relief arising under *federal* law against Cunniff. Instead, Melillo's claims appear to be grounded entirely in *state* law. The parties are not of diverse citizenship, *see* 28 U.S.C. § 1332(a), and 28 U.S.C. § 1331 does not provide a basis for original jurisdiction over state-law claims. Moreover, the Eighth Circuit has advised courts to decline to extend supplemental jurisdiction over state-law claims

---

County); (2) an agent of Faribault municipal law enforcement; or (3) the Faribault municipal police department as an entity.

[3] Melillo does allege that officers of the Apple Valley Police Department "did an [sic] domestic violence of adult on me," Compl. at 5, but the exhibits to the complaint make clear that the officers were reviewing whether Melillo was the victim of an assault, not an assailant. *See* Compl. Addendum at 10–22.

4

where, as recommended here, all other claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008).

Accordingly, it is recommended that the entirety of this action be dismissed without prejudice. Only one matter merits further comment: Melillo has requested that the complaint remain sealed because the document contains his home address and he is subject to an order of protection against Cunniff. Because neither Melillo's IFP application, his motion to seal, nor the civil cover sheet [Dkt. No. 1-2] include his home address, and because Melillo did not request that those documents be restricted, there is no justification to further seal those documents. As for the remaining documents: Melillo's home address seems to appear only once, on the second page of his pleading. *See* Compl. at 2. Among the exhibits to Melillo's complaint, however, are medical records, to which he is also entitled to confidentiality. Because of the manner in which the documents were submitted, it is impossible to separate the restricted information from the remainder of Melillo's submissions in a way that is not potentially misleading to a viewer of the unrestricted documents. Accordingly, the complaint [Dkt. No. 1] and the addendum to the complaint [Dkt. Nos. 1-1 and 1-3] shall be sealed. Should this action go forward (contrary to this Court's recommendation), however, it will likely become necessary for Melillo to submit amended documents that afford defendants a fair opportunity to respond to the substance of Melillo's claims and knowledge of the factual basis for those claims.

## ORDER

For these reasons, IT IS HEREBY ORDERED:

1. Plaintiff Keith Melillo's motion to seal [Docket No. 3] is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The complaint [Docket No. 1] and the addendum to the complaint [Docket Nos. 1-1 and 1-3] shall be sealed;

   b. All other documents shall be unsealed;

2. The Clerk shall seal Docket Nos. 1, 1-1, and 1-3;

3. The Clerk shall unseal all other docket entries.

## RECOMMENDATION

For these reasons, IT IS HEREBY RECOMMENDED:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. Plaintiff Keith Melillo's application to proceed *in forma pauperis* of plaintiff Keith Melillo [Docket No. 2] be **DENIED**.

Dated: November 19, 2020         s/ David T. Schultz
                                 DAVID T. SCHULTZ
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).