UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEITH MELILLO,                      Case No. 20-CV-1777 (PJS/DTS)

Plaintiff,

v.                                                      ORDER

MARGARET MEE MELILLO, a/k/a
Margaret Cunniff; KEITH VOEGEL, Rice
County Sheriff's Office, #1133;
FARIBAULT SHERIFF; FARIBAULT MN
DME; RICE COUNTY SHERIFFS
OFFICE,

Defendants.

This matter is before the Court on plaintiff Keith Melillo's objection to the November 19, 2020 Report and Recommendation ("R&R") of Magistrate Judge David T. Schultz. ECF No. 8. Judge Schultz recommends denying Melillo's application to proceed in forma pauperis and dismissing Melillo's complaint without prejudice. ECF No. 5. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Melillo's objection, adopts Judge Schultz's R&R, and dismisses this action.

Melillo dedicates the majority of his objection to repeating his allegations against defendant Margaret Mee Melillo, also known as Margaret Cunniff ("Cunniff"). ECF No. 8 at 4–6. But, as Judge Schultz explains, both Melillo and Cunniff are citizens of the

State of Minnesota, and none of Melillo's claims against Cunniff arise under federal law. ECF No. 5 at 4. Accordingly, the Court lacks original jurisdiction—and declines to exercise supplemental jurisdiction—over these claims. *See Marianist Province of the U.S. v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019) ("[W]hen federal claims are resolved before trial, the normal practice is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts, if they wish." (citation and quotation marks omitted)). If Melillo wants to pursue these claims, he will have to do so by filing an action in state court.

Melillo's objection also repeats his allegations against defendant Keith Voegel, an officer of the Rice County Sheriff's Office. Melillo alleges that Voegel failed to criminally charge Cunniff, but Melillo lacks standing to bring this claim. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009) (collecting cases). Melillo also alleges that Voegel and Cunniff "are setting him up." ECF No. 8 at 7 (cleaned up). The Court agrees with Judge Schultz that this claim must be dismissed, both because such a conclusory allegation falls far short of what is necessary to state a plausible claim, and because Melillo has not alleged that he has suffered any harm as a result of the alleged conspiracy between Voegel and Cunniff.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Melillo's objection [ECF No. 8] and ADOPTS the November 19, 2020 R&R [ECF No. 5].  IT IS HEREBY ORDERED THAT:

1. Plaintiff Keith Melillo's complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Melillo's application to proceed in forma pauperis [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 3, 2021                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge